Henry H. EAGER, Jr.,

v.

John G. KAIN, Jr.

Civ. No. 2998.

United States District Court
E. D. Tennessee, S. D.

Oct. 3, 1957.

Cunningham, Crutchfield and Summitt, Chattanooga, Tenn., for plaintiff.

Whitaker, Hall & Haynes, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

This is an action for damages for injuries suffered by the plaintiff, Henry H. Eager, when he fell while boarding a cabin cruiser owned and operated by the defendant.

An action was first filed in the circuit court of Hamilton County, Tennessee, by the plaintiff. The defendant then filed a petition to limit liability (or for exoneration) in this court. The plaintiff denied the defendant's right to limit liability, did not in his answer deny the right to exoneration, but prayed that the petition be dismissed so that he could proceed in the state court. The plaintiff did not at that time file a claim in this court, and the Court, upon determining that the petition for limitation of liability should be denied, returned the cause to the circuit court of Hamilton County for final disposition.

The case was tried in the state court, and at the close of the trial the defendant moved for a directed verdict. That court was about to rule favorably on the motion when the plaintiff asked for a non-suit. The request was granted, and this action was brought. The entire proceedings have been brought before this Court by means of the transcripts of the records, and both parties have filed motions for summary judgment.

■■ The right to take a non-suit in the federal courts is not unlimited. Under the Federal Rules of Civil Procedure a dismissal after trial requires either a signed stipulation by all parties or an order of the court upon such conditions as the court deems proper. Rule 41(a), Federal Rules of Civil Procedure, 28 U. S.C.A. In addition, if a plaintiff has once dismissed an action in any court, upon the commencement of an action including the same claim in a federal court, the court may require the payment of costs, including attorneys' fees, of the previously dismissed action as a prerequisite to the filing of the action. Rule 41(d), Federal Rules of Civil Procedure. In other words whether this question be considered substance or procedure, the rule in the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, does not apply because the provisions for dismissal of actions in federal court are entirely different from those in state court. The case could not have been dismissed without terms and could have been dismissed with prejudice had it been brought in this court.

■ It is to be noted that this is a common law case for a maritime tort, and is not filed in admiralty and the Federal Rules of Civil Procedure apply.

■ The plaintiff in this action appears to be shopping for a favorable forum. At the time when this dispute first came to the attention of this Court the plaintiff was resisting the jurisdiction of this Court, and declined to file a claim and present it for determination along with the limitation of liability question. The plaintiff, having the choice of forum, decided to try the case in state court. When the court thus selected by the plaintiff indicated that the plaintiff was about to lose, the plaintiff took a non-suit, as allowed by the state practice as a matter of right.

Such a procedure could not and would not have been followed in this court. To quote from International Shoe Co. v. Cool, 8 Cir., 154 F.2d 778, 780, "To all intents and purposes the defendant had secured a decision that plaintiff's action was without merit and this decision had been announced. The discontinuance of the case in such circumstances involved more for the defendant than the mere annoyance and expense of a second litigation upon the same subject matter. It deprived it of the benefit of a decision in its favor." The non-suit without prejudice which the trial court had granted in that case was set aside.

The accident giving rise to this claim occurred on April 14, 1954, and this suit was filed on May 29, 1957, more than three years after the accident. The Tennessee procedure allows actions to be brought within a year of the time when a suit has been dismissed without prejudice, 28 T.C.A., 106, but this Court does not feel that it must entertain such an

action where it would not have ordered the dismissal.

The plaintiff has had an opportunity to file a claim in this court in admiralty. He declined to do so. He has had, and still has, an opportunity to have a full hearing in the state court, including the right to appeal to the highest court of the state if not satisfied. And yet he is trying to persuade this Court to entertain his suit under circumstances foreign to the provisions of the Federal Rules of Civil Procedure. This Court, therefore, declines to entertain jurisdiction of this case.

Order accordingly.