**GF BUSINESS EQUIPMENT, INC.**

v.

**TENNESSEE VALLEY AUTHORITY and Steelcase, Inc.**

**Civ. No. 1–75–242.**

United States District Court, E. D. Tennessee, S. D.

Nov. 21, 1975.

On Motions for Hearing on Preliminary Injunction Nov. 26, 1975.

Howrey & Simon, Washington, D. C., Duncan & Secor, Chattanooga, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Asst. Gen. Counsel, Clay S. Davis, Jr., Lawrence Shearer, TVA, Knoxville, Tenn., Raymond R. Murphy, Jr., Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, Tenn., for defendant Steelcase, Inc.

## MEMORANDUM ON PENDING MOTIONS

FRANK W. WILSON, Chief Judge.

This case involves a suit by an unsuccessful bidder for a T.V.A. contract to have the contract awarded to a competitor set aside as being in violation of 16 U.S.C. § 831h. The case is presently before the Court upon motion by plaintiff for a temporary restraining order and for an order to show cause why a preliminary injunction should not issue. A hearing on this motion was held on November 19, 1975, with counsel for the plaintiff and defendant T.V.A. present. Defendant Steelcase was given notice of the hearing but chose not to appear.

Briefly summarizing the facts in this case it appears that on June 11, 1975, T.V.A. published an invitation seeking bids for movable office partitions for its Knoxville Building Complex. When bids were opened on August 1, 1975, it was discovered that none of the bids were responsive to the invitation, so T.V.A. decided to re-bid the project. On September 15, 1975, T.V.A. published a revised invitation for bids with a certain "bid evaluation" procedure that T.V.A. planned to follow in making the award. After the bids were received and evaluated T.V.A. awarded the office partition contract to Steelcase. Because plaintiff knew its bid had been significantly lower than Steelcase's bid in response to the first invitation, the plaintiff inquired into the propriety of the award to Steelcase. After examining the Steelcase bid plaintiff met with T.V.A. officials on November 5, 1975. At this meeting plaintiff asserts that T.V.A. admitted it had made a "bad award" in that Steelcase had failed to comply with the requirements set forth in the invitation and "bid evaluation" procedure. Plaintiff claims that if Steelcase had complied with the terms of the "bid evaluation" procedure, plaintiff's bid would have been the lowest bid and it, not Steelcase, would have been awarded the contract under the terms of the invitation. The plaintiff now seeks a declaratory judgment that the awarded contract is illegal as violating certain statutory bidding procedures under 16 U.S.C. § 831h. Plaintiff, alleging irreparable harm, also seeks to enjoin defendant T.V.A. and defendant Steelcase from performing the contract. In the alternative to injunctive relief, the plaintiff seeks damages.

Initially the Court is faced with defendant's contention that the plaintiff has no standing to obtain judicial review of T.V.A.'s action in awarding the contract to Steelcase. If defendant's argument is correct, the Court obviously will not reach the merits of the case.

In *Perkins v. Lukens Steel Company,* the Supreme Court held that bidders for government contracts have no standing in a federal court to obtain a declaratory judgment and injunction restraining officials and agents of an executive department

with respect to public contracts, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940). The Court reasoned that

"[l]ike private individuals and businesses, the Government enjoys the unrestricted power to produce its own supplies, to determine those with whom it will deal, and to fix the terms and conditions upon which it will make needed purchases. Acting through its agents as it must of necessity, the Government may for the purpose of keeping its own house in order lay down guideposts by which its agents are to proceed in the procurement of supplies, and which create duties to the Government alone. It has done so in the Public Contracts Act. That Act does not depart from but instead embodies the traditional principle of leaving purchases necessary to the operation of our Government to administration by the executive branch of Government, with adequate range of discretion free from vexations and dilatory restraints at the suits of prospective or potential sellers. It was not intended to be a bestowal of litigable rights upon those desirous of selling to the Government; it is a self-imposed restraint for violation of which the Government—but not private litigants—can complain." 310 U.S. at 127, 60 S.Ct. at 876, 84 L.Ed. at 1114–15.

Under *Perkins* a person seeking judicial review of an agency action had to show that he had a legally protected interest that was adversely affected by the agency's decision. A mere showing that the party suffered damage or loss of income as a result of agency action was not, in itself, a source of legal rights. 310 U.S. at 125, 60 S.Ct. at 875, 84 L.Ed. at 1113.

When the Administrative Procedure Act was adopted in 1946 many courts believed that the law of standing as enunciated in *Perkins* and companion cases had been greatly modified by section 10(a) of the Act which provides that a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute" could obtain judicial review. *See Scanwell Laboratories, Inc. v. Shaffer,* 137 U.S.App. D.C. 371, 424 F.2d 859 (1970); *Merriam v.*

*Kunzig,* 476 F.2d 1233 (3d Cir. 1973); *William F. Wilke, Inc. v. Department of Army,* 485 F.2d 180 (4th Cir. 1973). Other courts held that section 10(a) was merely declaratory of prior law and granted no new rights of judicial review. *See, e. g., Arnold Tours, Inc. v. Camp,* 408 F.2d 1147, 1151 (1st Cir. 1969), *vacated,* 397 U.S. 315, 90 S.Ct. 1109, 25 L.Ed.2d 333 (1970).

In *Scanwell Laboratories, Inc. v. Shaffer, supra,* a case cited in plaintiff's brief, the Court of Appeals for the District of Columbia stated that

"the Administrative Procedure Act applies to all situations in which a party who is in fact aggrieved seeks review, regardless of a lack of legal right or specific statutory language . . . .." 424 F.2d at 872.

As a result of this construction of the APA, the *Scanwell* court held that a disappointed bidder suffers sufficient injury as the result of illegal government action to provide standing. 424 F.2d at 876.

When the standing issue was presented to the Sixth Circuit Court of Appeals in *Cincinnati Electronics Corp. v. Kleppe,* the Court chose not to follow *Scanwell,* 509 F.2d 1080 (6th Cir. 1975). Instead the Court held that section 10(a) of the APA did not confer standing on every disappointed bidder for government contracts to seek review of agency action, 509 F.2d at 1086. Furthermore, the Court, unlike the *Scanwell* court, refused to depart from the authority of *Perkins v. Lukens Steel Company, supra.* Regarding these matters the Court said:

"Standing is conferred by Section 10 only when a relevant statute indicates congressional intent that the person or firm seeking review comes within the zone of interests sought to be regulated or protected. Absent such a congressionally created exception, the general rule of *Perkins v. Lukens Steel, supra,* that a disappointed bidder has no legally enforceable right against the government's award of a procurement contract retains its validity." 509 F.2d at 1086.

■ Applying the *Kleppe* approach to the case at hand, one finds that where, as here, the plaintiff cannot rely on any specific statute authorizing judicial review of administrative decision-making the issue of standing depends on two questions: (1) is the complainant "aggrieved in fact"; and (2) is the interest sought to be protected by the plaintiff "arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question?" *See Data Processing Service Organizations v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), and *Barlow v. Collins,* 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); *also,* K. Davis, Administrative Law Text § 22.02 (3d ed. 1972).

The first requirement of injury in fact, which simply acknowledges the "case or controversy" limitation of Article III, is obviously satisfied in this case if plaintiff's allegations are true. With respect to the second requirement, however, there must be a relevant statute which indicates a congressional intent that the person or firm seeking review comes within the zone of interests sought to be regulated or protected. *Cincinnati Electronics Corporation v. Kleppe,* 509 F.2d at 1086. The relevant statute plaintiff relies on in this case provides in relevant part as follows:

"(b) All purchases and contracts for supplies or services, except for personal services, made by the Corporation, shall be made after advertising, in such manner and at such times as the Board shall determine to be adequate to insure notice and opportunity for competition . . . *Provided further,* that in comparing bids and in making awards the Board may consider such factors as relative quality and adaptability of supplies or services, the bidder's financial responsibility, skill, experience, record of integrity in dealing, ability to furnish repairs and maintenance services, the time of delivery or performance offered, and whether the bidder has complied with the specifications." 16 U.S.C. § 831h.

An examination of the above statute does not reveal that Congress intended an unsuccessful bidder to be within a protected zone of interest of the statute. To the contrary, there appears to be no express congressional policy that T.V.A. accept only responsive bids. Notably 16 U.S.C. § 831h states that the Board in comparing bids and making awards "may consider such factors as . . . whether the bidder has complied with the specifications." Since there is no mandate that the Board must consider whether the bidder has complied with the specifications, it appears that under the Act an unresponsive bid may be accepted. If this is true, then even if plaintiff had standing to contest the illegality of the contract it is doubtful that a violation of 16 U.S.C. § 831h has occurred.

In view of the doubtful issues hereinabove discussed, the Court will at this time deny the plaintiff's motion for a temporary restraining order and reserve the matter of setting a hearing upon the plaintiff's request for a temporary injunction pending the filing of a further memorandum on behalf of the plaintiff, as requested by the plaintiff, and the filing of a response by the T.V.A., as directed by the Court at the oral hearing.

An order will enter accordingly.

## ON MOTIONS FOR HEARING ON PRELIMINARY INJUNCTION AND TO DISMISS

This is an action by an unsuccessful bidder for a government contract to set aside an award of the contract as being in violation of 16 U.S.C. § 831h. The case is presently before the Court upon plaintiff's request for a hearing on the matter of a preliminary injunction and upon defendant's motion to dismiss or, alternatively for summary judgment.

■ A summary of the facts in this case can be found by referring to the Court's Memorandum dated November 21, 1975 (Court File # 5). That Memorandum, addressed to an earlier motion by plaintiff for a temporary restraining order, expressed the concern of the Court that standing for this action might not lie. At that time the Court reserved acting on plaintiff's request

for a preliminary injunction hearing pending the filing of a memorandum by plaintiff regarding the standing issue and the filing of a response by defendant T.V.A. Having received and considered plaintiff's memorandum and defendant's response, the Court is of the opinion, for the reasons stated in its Memorandum of November 21, 1975, and for the reasons stated herein, that plaintiff, as an unsuccessful bidder for a T.V.A. contract, lacks standing to contest the legality of the contract award under T.V.A.'s procurement statute, 16 U.S.C. § 831h.[1]

In reaching this decision the Court relies on the authority of *Cincinnati Electronics Corporation v. Kleppe,* 509 F.2d 1080 (6th Cir. 1975). Plaintiff contends in its supplemental memorandum that the rationale of the *Kleppe* case supports its argument that plaintiff has standing to maintain its action. As plaintiff points out the *Kleppe* court found standing to exist where an unsuccessful bidder (1) has suffered injury in fact and (2) is found to be arguably within the zone of interests protected by the relevant statute in question. In contrast to *Kleppe,* however, the plaintiff in the instant case, although demonstrating injury in fact, fails to offer any statutory language or legislative history which might indicate a congressional intent that an unsuccessful bidder for a T.V.A. contract is arguably within the zone of interests to be protected by 16 U.S.C. § 831h. In *Kleppe,* the governing act contained an expressed declaration of policy which clearly indicated the zone of interests to be protected. The Act began:

> "It is the policy of Congress that a fair proportion of purchases and contracts made under this chapter be placed with small business concerns." 10 U.S.C. § 2301; 509 F.2d at 1086.

The Court reasoned that the statutory declaration of policy indicated that Congress intended the small business concern to be within the protected "zone of interests" of the Act. Consequently, a small business concern was found by the Court to have standing to contest agency violations of regulations promulgated to carry out the expressed congressional policy of protecting small business concerns. *Kleppe* went on to say, however, that

> "[a]bsent such a congressionally created exception, the general rules of *Perkins v. Lukens Steel, supra,* that a disappointed bidder has no legally enforceable right against the government's award of a procurement contract retains its validity." 509 F.2d at 1086.

In the instant case the Court is unable to find an expression of congressional policy which supports the contention that an unsuccessful bidder for a T.V.A. contract is arguably within the zone of interests to be protected by 16 U.S.C. § 831h. Therefore in accordance with the *Kleppe* decision the Court concludes that plaintiff has no standing to maintain its action against T.V.A. for possible violation of T.V.A.'s procurement statute.

Accordingly, an order will enter sustaining the motion by T.V.A. to dismiss it from this lawsuit. Steelcase, Inc., having not yet responded to plaintiff's complaint, will presently remain in this action as the sole defendant.

---

1. This statute provides in relevant part as follows:

"(b) All purchases and contracts for supplies or services, except for personal services, made by the Corporation, shall be made after advertising, in such manner and at such times as the Board shall determine to be adequate to insure notice and opportunity for competition. . . . *Provided further,* that in comparing bids and in making awards the Board may consider such factors as relative quality and adaptability of supplies or services, the bidder's financial responsibility, skill, experience, record of integrity in dealing, ability to furnish repairs and maintenance services, the time of delivery or performance offered, and whether the bidder has complied with the specifications." 16 U.S.C. § 831h.