INRYCO, INC.

v.

TENNESSEE VALLEY AUTHORITY.

No. CIV–1–78–221.

United States District Court,
E. D. Tennessee, S. D.

Dec. 5, 1978.

On Motion to Reconsider Feb. 26, 1979.

Ray H. Moseley, Humphreys, Hutcheson & Moseley, Chattanooga, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Asst. Gen. Counsel, Clay S. Davis, Jr., Thomas C. Doolan, TVA, Knoxville, Tenn., for defendant.

MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action for damages by an unsuccessful bidder for a contract with the defendant. Jurisdiction is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1337 and is not in dispute. The case is presently before the Court upon the defendant's motion to dismiss for lack of standing on the part of the plaintiff to maintain the action. The complaint in this action asserts that the plaintiff sought the award of a contract with the defendant for the installation of a post-tensioning system at the TVA Pickwick Landing Project by submitting a bid to the defendant for such a contract. The complaint further asserts that the plaintiff's bid was rejected by the defendant although such bid was the lowest submitted for the aforementioned project. The defendant moves to dismiss this action on the ground that the complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6). The defendant asserts that the plaintiff has no standing to maintain the present action. In support of its position the defendant cites *GF Business Equipment, Inc. v. Tennessee Valley Authority,* 430 F.Supp. 699 (E.D.Tenn.1975), *aff'd* 556 F.2d 581 (6th Cir. 1977). In that case an unsuccessful bidder for a TVA contract sought to have a contract awarded to a competitor set aside as being in violation of 16 U.S.C.A. § 831h. This Court determined that

"[W]here, as here, the plaintiff cannot rely on any specific statute authorizing judicial review of administrative decision-making the issue of standing depends on two questions: (1) is the complainant ag-

grieved in fact; and (2) is the interest sought to be protected by the plaintiff 'arguably within the zone of interest to be protected or regulated by the statute of constitutional guarantee in question?' " *GF Business Equipment, Inc., supra* at 702 (citations omitted).

This Court held that although the plaintiff had demonstrated injury in fact, it had failed

". . . to offer any statutory language or legislative history which might indicate a congressional intent that an unsuccessful bidder for a TVA contract is arguably within the zone of interest to be protected by 16 U.S.C. § 831h" *Id.* at 703.

In the present case the plaintiff seeks to rely upon the provision of 16 U.S.C.A. § 831h(b) as revealing a congressional intent that an unsuccessful bidder for a TVA contract was within the zone of interest to be protected by that statute. The plaintiff's argument in this regard was considered and rejected by this Court and by the Sixth Circuit in *GF Business Equipment, Inc. Id.*

■ The plaintiff also relies upon the language of the Federal Procurement Regulation found at 41 C.F.R. § 1–2.404–1(a) which provides that after competitive bids have been opened "award must be made to that responsible bidder who submitted the lowest responsive bid" unless all of the bids are rejected. Although the plaintiff does not assert that TVA is subject to the Federal Procurement Regulations, the plaintiff does assert that TVA has adopted such regulations in its administrative release on procurement dated February 27, 1975. The United States Supreme Court has clearly held that inference of a private cause of action not otherwise authorized by statute must be consistent with the evident legislative intent of the statute. *SEC Investor Protection Corp. v. Barbour,* 421 U.S. 412, 95 S.Ct. 1733, 44 L.Ed.2d 263 (1975); *Passenger Corp. v. Passengers Association,* 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974). Moreover, internal regulations and directives such as the present administrative

release on procurement have been held to constitute managerial and policy tools to aid in the procurement of supplies and services for the United States and not to provide implied private rights of action to enforce their provisions. *American Federation of Government Employees v. Hoffman,* 427 F.Supp. 1048, 1083 (N.D.Ala.1976); *see also Securities Investor Protection Corp., supra.* In the present case the Court is of the opinion that the TVA administrative release on procurement cannot reveal a congressional intent that an unsuccessful bidder on a TVA contract is within the zone of interests to be protected by 16 U.S.C.A. § 831h.

An order will enter granting the defendant's motion to dismiss and dismissing the present lawsuit.

### ON MOTION TO RECONSIDER

This is an action for damages by an unsuccessful bidder for denial of a contract award by the defendant. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1337 and is not in dispute. The Court has heretofore entered a memorandum upon the defendant's motion to dismiss wherein it concluded that an unsuccessful bidder upon a TVA solicitation for bids was without standing to maintain an action for alleged improper rejection of its bid. An order of dismissal has heretofore entered in accordance with the memorandum. The case is now before the Court upon the plaintiff's motion to reconsider.

■ The Court has now received oral argument upon the plaintiff's motion to reconsider and this memorandum is entered upon such argument and upon the full record in the case. It would seem to the Court that much that was presented in support of the plaintiff's motion to reconsider has previously been considered by the Court or was heretofore decided by the Court in the factually similar case of *G. F. Business Equipment, Inc. v. Tennessee Valley Authority,* 430 F.Supp. 699 (E.D.Tenn.1975), *aff'd* 556 F.2d 581 (6th Cir. 1977). It would appear appropriate, however, to consider further

one contention advanced by the plaintiff and that is the contention that the TVA should be found to be subject to the provisions of 41 U.S.C. § 253 wherein it is provided:

"Whenever advertising is required—

"(a) The advertisement for bids shall be made a sufficient time previous to the purchase or contract, and specifications and invitations for bids shall permit such full and free competition as is consistent with the procurement of types of property and services necessary to meet the requirements of the agency concerned.

.  .  .

"(b) All bids shall be publicly opened at the time and place stated in the advertisement. Awards shall be made with reasonable promptness by written notice to the responsible bidder whose bid, conforming to the invitation for bids, will be most advantageous to the Government, price and other factors considered: *Provided,* that all bids may be rejected when the agency head determines that it is in the public interest to do so."

The plaintiff contends that this section defines the term "advertising" as it is used in 16 U.S.C. § 831h(b) of the Tennessee Valley Authority Act[1] and clearly expresses Congressional intent to protect the interests of unsuccessful bidders.

Section 253 of Title 41 was originally enacted as part of the Federal Property and Administrative Services Act of 1949 (now codified at 40 U.S.C. §§ 471 *et seq.*). As part of that Act Congress included the following legislation:

"Nothing in this Act shall impair or affect any authority of:

*     *     *     *     *     *

"(12) The Tennessee Valley Authority with respect to non-personal services, with respect to the matters referred to in section 201(a)(4), and with respect to any property acquired or to be acquired for or in connection with any program of processing, manufacture, production, or force account construction: *Provided,* That the Tennessee Valley Authority shall to the maximum extent that it may deem practicable, consistent with the fulfilment of the purpose of its program and the effective and efficient conduct of its business, coordinate its operations with the requirements of this Act and the policies and regulations prescribed pursuant thereto." 40 U.S.C. § 474(12).

The foregoing provision would indicate that Congress did not intend TVA to be subject to the requirements of 41 U.S.C. § 253. The Court is therefore of the opinion that Section 253 cannot be used to read into the Tennessee Valley Authority Act an intent on the part of Congress to protect unsuccessful bidders.

Further, as noted by this Court in its Memorandum of December 5, 1978, the fact that TVA has promulgated its own administrative provisions for procurement is not sufficient to imply a private right of action to enforce those provisions. Therefore, it is the Court's opinion that the issue raised by the plaintiff on its motion to reconsider does not provide a basis for alteration or reversal of the Court's Order dismissing this case for lack of standing on the part of the plaintiff to maintain the action. Rather, the Court remains of the opinion that its decision in the *GF Business Equipment* case, *supra,* is decisive of the lack of standing issue here presented.

Accordingly, an order will enter denying the plaintiff's motion to reconsider and sustaining the Court's previous order of dismissal.

---

1. The relevant portion of 16 U.S.C. § 831h provides:

"(b) All purchases and contracts for supplies or services, except of personal services, made by the Corporation shall be made after advertising, in such manner and at such times sufficiently in advance of opening bids, as the Board shall determine to be adequate to insure that comparing bids and in making awards the Board may consider such factors as relative quality and adaptability of supplies or services, the bidder's financial responsibility, skill, experience, record of integrity in dealing, ability to furnish repair and maintenance services, the time of delivery or performance offered, and whether the bidder has complied with the specifications."