Shannon McDERMOTT

v.

TOYOTA MOTOR SALES COMPANY, LTD., Toyota Automatic Loom Works, Ltd., Toyota Industrial Trucks, U.S.A., Inc., Allied Industrial Equipment, Inc.

Civ. No. 3–80–42.

United States District Court, E. D. Tennessee, N. D.

March 26, 1980.

Thomas S. Scott, Jr., Knoxville, Tenn., for plaintiff.

J. W. Baker, Bruce A. Anderson, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Jurisdiction for this products liability case is premised on diversity of citizenship. 28 U.S.C. § 1332(a). Without disputing our power to hear this case, defendants have moved this Court to exercise its discretion to decline to exercise jurisdiction. For the reasons stated herein, the motion is granted.

Plaintiff claims damages for personal injuries allegedly sustained when a forklift he was driving tipped over. He alleges that the forklift was defective and unreasonably dangerous, and that some defendants breached implied warranties of merchantability and fitness for a particular purpose. Defendants are all those involved in the chain of distribution of the forklift.

It appears from the record that a suit premised on the same set of facts was filed in the Circuit Court for Knox County.[1] The defendants moved for summary judgment, and argument was heard by the Circuit Court. The parties do not dispute that at the conclusion of that argument, the trial court denied the motion "out of an abundance of precaution," and candidly indicated to plaintiff's counsel that, unless more facts were brought forward at trial, he would look with favor upon defendants' motions for a directed verdict. Plaintiff subsequently took a voluntary non-suit and reinstituted the action in this Court well within the one year allowed under the applicable statute of limitations.[2]

Plaintiff's counsel strongly implies in his brief in opposition to the motion to dismiss that his sole reason for non-suiting the case was his impression, gleaned from the trial court's remarks, that his case had been prejudged and that he felt he could not get a fair trial in the state court. With all due respect to counsel, we do not feel that he has pursued the proper recourse. Even assuming for the purpose of this motion that the trial judge had pre-judged the case, an assumption we do not lightly make, counsel could have requested another judge or filed a motion that the judge recuse himself. That failing, recourse could have been properly pursued in the state appellate courts.

It is clear that this Court has discretion to decline to exercise jurisdiction under the proper circumstances. *Eager v. Kain*, 158 F.Supp. 222 (E.D.Tenn.1957); 21 C.J.S. Courts § 90 (and cases cited therein). In *Eager, supra*, plaintiff, having filed an action in state court, took a voluntary non-suit at the close of trial when he perceived that the trial judge was about to grant defendant's motion for a directed verdict. He then reinstituted the action in federal court. Judge Darr declined to entertain the case. He stated:

---

1. Toyota Automatic Loom Works was not made a party to the original lawsuit.

2. Having taken his non-suit in October, 1979, plaintiff has until October, 1980, to reinstitute the action. T.C.A. § 28–106.

The plaintiff in this action appears to be shopping for a favorable forum. . . . The plaintiff, having the choice of forum, decided to try the case in state court. When the court thus selected by the plaintiff indicated that the plaintiff was about to lose, the plaintiff took a non-suit . . . . 158 F.Supp. at 223.

We perceive no material distinction between the *Eager* case, and the case at bar.

██ Judge Darr was not acting in a vacuum, but was furthering a policy essential to our federal system of government. The federal district courts are courts of limited jurisdiction established to adjudicate only certain kinds of lawsuits. That state and federal courts enjoy concurrent jurisdiction over some matters cannot serve to reduce the independence of each. We are not designed to sit in judgment over state courts, nor to second-guess the studied opinions of state judges. We recognize that valid tactical considerations may form the basis of a plaintiff's initial choice of forum, or of his decision to take a non-suit. But an indication from the trial judge, after the expenditure of court time and litigants' money, that the plaintiff is not making out his case, is simply not such a valid consideration. To condone such obvious instances of "forum shopping" would only serve to destroy the independence of the state and federal courts, and to defeat any hope for judicial economy and the orderly resolution of cases.

Plaintiff in this case still has ample time to refile his case in state court, and, if he is not satisfied there, will have the right to appeal to the highest state court. He is entitled to no more.

Accordingly, it is ORDERED that this case be, and the same hereby is, dismissed without prejudice to refile it in the appropriate state court within the time allowed under T.C.A. § 28–106.

Order accordingly.