## MONSANTO COMPANY

v.

## The UNIVERSITY OF TENNESSEE and Superturf, Inc.

### Civ. No. 3–80–286.

United States District Court, E. D. Tennessee, N. D.

July 9, 1980.

Bass, Berry & Sims, Nashville, Tenn., for plaintiff.

Beauchamp Brogan, University of Tennessee, Robert L. Crossley, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Monsanto Company seeks a declaratory judgment and injunctive relief against the University of Tennessee and Superturf, Inc., a private company, which is in the process of replacing the artificial turf surface on the University of Tennessee football field.

Monsanto has been described by its attorney as a disappointed bidder on the artificial turf work currently in progress. Monsanto says that the awarding of the artificial turf contract to Superturf, Inc. violated Tennessee Code Annotated, Section 62–601 *et seq.*, commonly referred to as "Tennessee Contractor's Licensing Act of 1976", in that Superturf, Inc. is not a licensed contractor under the Contractor's Act. Defendants claim the Contractor's Licensing Act provides that enforcement powers under the Act is in the State Board for Licensing Contractors acting in the name of the state of Tennessee. T.C.A. §§ 62–622, 62–623. Thus, the defendants say that Monsanto is not entitled to seek the relief which it seeks in this Court. *See United States v. Burlington Northern, Inc.*, 500 F.2d 637 (9th Cir. 1974); *GF Business Equipment, Inc. v. TVA*, 430 F.Supp. 699 (E.D.Tenn.1975).

Plaintiff, as pointed out by attorneys on both sides during this hearing, first sought injunctive relief in Chancery Court in Knox County, Tennessee, which Court denied the injunction. Chancellor Broughton, in denying the injunction, held in substance that Monsanto lacks standing to bring an action for injunctive relief to enforce the provisions of T.C.A. § 62–601.

Tennessee Code Annotated, Section 62–623 specifically provides that an action seeking injunctive relief against any person undertaking to engage in the contracting business in violation of the Contractor's Licensing Act "shall be filed in the name of the State of Tennessee on relation of the board for licensing contractors, or any member thereof . . ."

The state court further held that a contractor's license was not required for the artificial turf work being performed, in that the work does not come within the definition of "contracting," found in T.C.A. § 62–602. Finally, the chancellor found that plaintiff was not entitled to an injunction on the additional ground that it was suffering no irreparable loss. There was no indication that Monsanto would have received the work order even if Superturf, Inc. had been initially disqualified.

The parties to the Chancery Court suit in state court are the same parties which are litigating in this Court. In the opinion of the Court the rulings of the Chancellor are res judicata in this case. Furthermore, since the questions under consideration involve state law, the rulings of the state court are of great significance in this Court. *See McDermott v. Toyota Sales Company, Ltd.*, 487 F.Supp. 484 (E.D.Tenn.1980).

Accordingly, it is ORDERED that the prayer for injunctive and declaratory relief be, and the same hereby is, denied. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.