771 F.2d 1316
 William J. McINTYRE, Plaintiff-Appellant,
v.
Thairyl A. McINTYRE, aka Thairyl A. Austin; Velma Ardus
Green Austin; John I. Dearing; Shairyl A. Dearing; and
the marital community of John I. Dearing and Shairyl A.
Dearing, Defendants-Appellees.
 No. 84-4174.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 4, 1985.*
Decided Sept. 18, 1985.
 
 Stanley R. Byrd, Inc., P.S., Stanley R. Byrd, Seattle, Wash., for plaintiff-appellant.
 Kargianis & Austin, John I. Weston, Jr., Lawrence & Velategui, Carlos Y. Veletegui, Barnes & Bodabough, Bernard J. Barnes, Seattle, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before WRIGHT and KENNEDY, Circuit Judges, and MacBRIDE,** District Judge.
 KENNEDY, Circuit Judge:
 
 
 1
 This case raises the question of whether a federal court has jurisdiction of a tort action between former spouses involving allegations of interference with the noncustodial father's visitation rights with his minor daughter. We conclude that jurisdiction exists, and we reverse the judgment of the district court dismissing the case.
 
 
 2
 Appellant William McIntyre, a resident of West Virginia, brought this action in federal district court in the State of Washington against his ex-wife and her mother, sister, and brother-in-law, all residents of Washington. He alleged that they had secreted his minor daughter to prevent him from exercising his visitation and parental rights ordered by a Washington state court. Jurisdiction in the district court was predicated upon the existence of both diversity of citizenship and a violation of civil rights. 28 U.S.C. Secs. 1332(a)(1), 1343(a) (1982). The district court dismissed the action, relying alternatively upon the domestic relations exception to diversity jurisdiction and the doctrine of abstention. The district court's dismissal of the action on the basis of lack of subject matter jurisdiction involves a pure question of law and, as such, is subject to de novo review. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 
 3
 Under our own precedents and those of other circuits, we conclude that appellant's action, seeking to recover for the allegedly tortious conduct of his ex-wife and former in-laws, does not fall within the domestic relations exception to the statutory grant of diversity jurisdiction.
 
 
 4
 The domestic relations exception to the jurisdictional grant has been given a narrow construction. Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam); 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3609 (1984). If the status of parent and child or husband and wife is the primary issue in a case, a federal court must decline jurisdiction. Buechold v. Ortiz, 401 F.2d 371, 372 (9th Cir.1968). It follows that the exception to jurisdiction arises in those cases where a federal court is asked to grant a decree of divorce or annulment, or to grant custody or fix payments for support, the rationale being that those actions are close to the historical concept of an ecclesiastical action and peculiarly within the province of the state courts. Csibi v. Fustos, 670 F.2d 134, 137 (9th Cir.1982). The exception has also been applied in those instances where a plaintiff has commenced a federal action to enforce a state court status decree. See Bennett v. Bennett, 682 F.2d 1039, 1042-44 (D.C.Cir.1982) (injunction); Tree Top v. Smith, 577 F.2d 519, 521 (9th Cir.1978) (writ of habeas corpus to obtain custody); see also Lloyd v. Loeffler, 694 F.2d 489, 494 (7th Cir.1982) (disapproving escalating punitive damages award in child-snatching case as tantamount to an injunction).
 
 
 5
 In the case at bar, plaintiff seeks monetary damages for alleged past breaches of visitation rights granted by the state court. He bases his action on a claim of intentional tortious interference that does not implicate questions of spousal or parental status. The primary issue concerns not the status of parent and child but rather the injury suffered by plaintiff as a result of his former wife's alleged interference with his court-ordered visitation rights and the concomitant alienation of his daughter's affections. The suit does not seek to determine status or to enforce a domestic relations decree in the guise of some other action. The validity or scope of the state court's domestic relations judgment is not here in question. The claim stated falls within neither a status nor a coercive relief category of domestic relations issues, and the jurisdictional exception is not applicable. Dismissal on this basis was error.
 
 
 6
 Our resolution of this question finds support in the decisions of other circuits that have refused to apply the domestic relations exception in analogous situations. Various courts have held that state law claims alleging wrongful interference with custodial rights do not fall within the domestic relations exception. See Hooks v. Hooks, 771 F.2d 935, 942 (6th Cir. 1985); DiRuggiero v. Rodgers, 743 F.2d 1009, 1019-20 (3d Cir.1984); Lloyd, 694 F.2d at 491-93; Bennett, 682 F.2d at 1042 (D.C.Cir.1982); Wasserman v. Wasserman, 671 F.2d 832, 834-35 (4th Cir.), cert. denied, 459 U.S. 1014, 103 S.Ct. 372, 74 L.Ed.2d 507 (1982). The Fourth Circuit recently refused to apply the domestic relations exception in a case where the allegations were similar to those in the instant case. Raftery v. Scott, 756 F.2d 335, 337-38 (4th Cir.1985). In Raftery the evidence adduced at trial established that the plaintiff's former wife "had engaged in a continuing and successful effort to destroy and to prevent rehabilitation of the relationship between the former husband and their son." Id. at 337. On appeal the former wife argued that the domestic relations exception deprived the federal court of jurisdiction. Relying upon Wasserman, 671 F.2d at 834-35, and Cole v. Cole, 633 F.2d 1083, 1088 (4th Cir.1980), the Fourth Circuit disagreed, explaining that,
 
 
 7
 the domestic relationship between the parties largely terminated with the 1977 divorce, and the suit concerns not the establishment and implementation of visitation rights but, rather, seeks an award of damages precisely because of acts by the former wife to frustrate whatever domestic relations aspects remained of her relationship with her former husband. If someone who had never been married to Raftery, a family member such as an aunt, a cousin or a grandparent or even a nonrelative such as a child nurse or babysitter, had set about destroying the relationship between the father and his son, any cause of action arising out of such behavior would not be foreclosed from a hearing in federal court because it partook of some intra-family aspects.
 
 
 8
 Raftery, 756 F.2d at 337-38. We are persuaded by the reasoning of both the custodial interference cases and Raftery, and we conclude that the intra-family aspects of this litigation do not divest the district court of jurisdiction to adjudicate the dispute.
 
 
 9
 As an alternative ground for its holding, the district court found that abstention would be proper in light of the state court's continuing jurisdiction to enforce its own orders. Appellees, defendants in the district court, did not demonstrate that the exercise of jurisdiction by a federal district court would interfere with any pending state court domestic relations proceedings or alter any state court domestic relations judgment. Nor did they establish or even contend that the exercise of jurisdiction by a federal district court would impinge in any way upon the state court's ability to supervise the custody of the minor. In examining the district court's decision to abstain, we review the record to determine whether the district court has abused its discretion. Peterson, 708 F.2d at 466; Pue v. Sillas, 632 F.2d 74, 78 (9th Cir.1980). In abstention cases the district court must exercise its discretion within the narrow and specific limits prescribed by the particular abstention doctrine invoked. There is no discretion to abstain in a case that does not meet the abstention requirements. C-Y Development Co. v. City of Redlands, 703 F.2d 375, 377 (9th Cir.1983). Applying this standard of review, we conclude that abstention in this case was improper.
 
 
 10
 As the Supreme Court has stated, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Absent "an important countervailing interest," County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959), federal courts have "the virtually unflagging obligation ... to exercise the jurisdiction given them," Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246. The Supreme Court has confined the circumstances appropriate for abstention to three general categories of cases: (1) those that present a federal constitutional issue that might be affected by a state court determination of pertinent state law, see Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); (2) those that present important questions of state policy transcending the result in the case at bar, see Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and (3) those in which federal jurisdiction has been invoked to restrain pending state criminal proceedings, see Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Colorado River, 424 U.S. at 814-17, 96 S.Ct. at 1244-46 (addressing these three categories). The case at bar does not fit within any of these categories.
 
 
 11
 Our precedents recognize a general abstention doctrine applicable to diversity cases that, although outside the narrow jurisdictional exception, raise domestic relations issues. Fern v. Turman, 736 F.2d 1367, 1369-70 (9th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 1177, 84 L.Ed.2d 326 (1985); Peterson, 708 F.2d at 466; Csibi, 670 F.2d at 137. These cases are inapposite here, however. Both Fern and Peterson involved pending state court proceedings that arguably provided a proper basis for abstention under the rule of Pullman. Csibi suggests that this abstention doctrine has been applied primarily in cases where the federal court was asked either to enforce a state court status decree or to make an initial determination of status in the course of resolving some other issue. See Csibi, 670 F.2d at 137. Abstention is also inconsistent with the rationale and the holdings of cases in other circuits such as DiRuggiero and Raftery. See also Giardina v. Fontana, 733 F.2d 1047, 1052-53 (2d Cir.1984) (domestic relations abstention subjected to Colorado River analysis). Because the litigation at bar differs from these cases, the doctrine of abstention is inapplicable.
 
 
 12
 The district court's order dismissing plaintiff's action did not distinguish between the state law tort claims and the federal civil rights claims. We do not read the district court's opinion as expressing any view on the sufficiency of the allegations under either applicable state law or 42 U.S.C. Secs. 1981-1995. These issues are, of course, open to the district court on remand.
 
 
 13
 The judgment of the district court is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The panel was unanimously of the opinion that oral argument was not required in this case. Fed.R.App.P. 34(a)
 
 
 **
 Honorable Thomas J. MacBride, Senior U.S. District Judge for the Eastern District of California, sitting by designation