819 F.2d 236
 Charlotte COATS, Plaintiff-Appellant,
v.
Stephen WOODS; Orange County Superior Court; Jack Mandel;
James Cook; Commissioner Evans; Commissioner Fassell;
County of Orange; Thomas H. Schulte; Jane M. Egley;
United Fathers; Henry J. Kohler; William C. Armstrong;
Gail Armstrong; Costa Mesa Police Department, Newport-Mesa
School District, Defendants-Appellees.
Charlotte COATS, Plaintiff-Appellant,
v.
Stephen WOODS, Orange County Superior Court; Jack Mandel;
James Cook; Commissioner Fassell; County of Orange;
Thomas H. Schulte; Jane M. Egley; United Fathers; Henry
J. Kohler; William C. Armstrong; Gail Armstrong; Costa
Mesa Police Department; Newport-Mesa School District,
Defendants-Appellees.
 Nos. 86-5712, 86-6046.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 4, 1987.
Decided June 5, 1987.
 
 Charlotte Coats, Santa Ana, Cal., plaintiff-appellant.
 David N. Kauth, Santa Ana, Cal., Kevin M. Tripi, Costa Mesa, Cal., Jeanne E. Emrich, Irvine, Cal., Bruce Fuhrer, Los Angeles, Cal., Brandt Caudill, Irvine, Cal., C. William Nyman, L. Thomas Krahelski, Santa Ana, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before PREGERSON, NELSON, and WIGGINS, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 Charlotte Coats brought these actions, under 42 U.S.C. Sec. 1983, in which she alleged that her husband and others wrongfully deprived her of the custody of her two children. The district court abstained from hearing the cases on the ground that the actions, involving child custody, implicated domestic relations issues, traditionally an area of state concern. Coats appeals from the district court's dismissal of the actions. We affirm.
 
 
 2
 Following divorce from her husband, William Armstrong, Coats obtained sole custody of their two sons from 1971 until 1983. In 1983, Armstrong commenced custody proceedings in state court. There he gained visitation rights, then joint custody, and, finally, sole custody of the children. Coats appealed the decision awarding sole custody to Armstrong to the California Supreme Court, but was denied review. Coats now has two cases pending in state court, one involving the constitutional issues raised in this action, and another focusing on state law custody matters.
 
 
 3
 Defendants in the two similar federal court actions that form the basis for these appeals include Armstrong, his present wife, their attorney, the court-appointed attorney for the two children, a court-appointed psychologist, two court commissioners, two Superior Court judges, the Orange County Superior Court, the County of Orange Costa Mesa Police Department, the Newport-Mesa School District, and an organization called United Fathers. In her complaint, Coats alleges that these defendants wrongfully deprived her of child custody (thus depriving her of a liberty interest) in violation of 42 U.S.C. Secs. 1983, 1985(2), and 1985(3).
 
 
 4
 Coats filed her first federal district court action on November 22, 1985. The district court dismissed the action on February 5, 1986, based on the doctrine of equitable abstention. Coats filed her second action in district court on February 19, 1986. In her latest complaint, she added four defendants, dropped one defendant, and made additional factual allegations. This action was dismissed on May 30, 1986, on the same legal basis as the initial action. Coats timely appeals from both dismissals, and this court has consolidated Coats' appeals for decision.
 
 
 5
 We review a district court's abstention decision for abuse of discretion. Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam).
 
 
 6
 We hold that the district court's decision to abstain was not an abuse of discretion. The district court, in dismissing the action, relied on the abstention doctrine under which federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife. The district court's application of the abstention doctrine was appropriate under Peterson, 708 F.2d at 465. In that case, a prisoner brought a section 1983 action alleging that various defendants wrongfully deprived him of visitation rights with his children. We affirmed the district court's dismissal of the case on the ground that plaintiff had pending state actions in which he could bring his constitutional claims and that the case itself raised issues of traditional state concern. We stated that
 
 
 7
 [t]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.
 
 
 8
 Peterson, 708 F.2d at 466.
 
 
 9
 This case, while raising constitutional issues, is at its core a child custody dispute. The state courts have already considered the merits of Coats' claims and have held that her former husband is entitled to custody. The district court was aptly reluctant to put itself in the position of having to review the state courts' custody decision. If the constitutional claims in the case have independent merit, the state courts are competent to hear them. Given the state courts' strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention.
 
 
 10
 AFFIRMED.