974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Otis SMITH, Plaintiff-Appellant,
v.
Martha Coleen JOHNSON, Richard Lee Johnson, Defendants-Appellees.
 No. 90-15548.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David O. Smith appeals pro se the district court's dismissal of his 42 U.S.C. §§ 1983 and 1985 action alleging that Martha Johnson, the mother of his son, and two other individuals conspired to deprive him of the custody of and relationship with his son. The district court found that abstention principles required dismissal of the action because Smith's civil rights claims would require the court to review a state court child custody decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's abstention decision for abuse of discretion. Coats v. Woods, 819 F.2d 236, 237 (9th Cir.), cert. denied, 484 U.S. 802 (1987).
 
 
 4
 It is well settled that federal courts should abstain from adjudicating domestic relations cases, including those involving the custody of children. See Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam). Even if the case raises constitutional issues, abstention is proper if the case, at its core, is a child custody dispute. See Coats, 819 F.2d at 237. "The strong state interest in domestic relations matters, [and] the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states ... makes federal abstention in these cases appropriate." Peterson, 708 F.2d at 466.
 
 
 5
 Here, although Smith alleges a conspiracy between the mother of his son and two other individuals, he is essentially seeking federal review of a state court decision denying him custody or visitation rights with regard to his son. Smith's constitutional claims also revolve around the denial of custody and visitation rights. Smith is free to present his constitutional claims to the state court. See Coats, 819 F.2d at 237 ("[i]f the constitutional claims in the case have independent merit, the state courts are competent to hear them"); Peterson, 708 F.2d at 466. Accordingly, because the action involves the custody of his son, the district court did not abuse its discretion by applying the abstention doctrine and dismissing Smith's action.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3