977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Verna PORZIO, Plaintiff-Appellant,
v.
CHILDREN'S PROTECTIVE SERVICES; Annette Maggiora; Attorney
General for the State of California, Defendants-Appellees.
 No. 91-56082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Verna Porzio appeals pro se the district court's interlocutory order dismissing her 28 U.S.C. § 2254 habeas corpus petition and denying her application for a preliminary injunction in connection with her 42 U.S.C. § 1983 civil rights action. Because the district court has not issued a final decision disposing of Porzio's section 1983 action, we have jurisdiction only to review the denial of the preliminary injunction. See 28 U.S.C. § 1291 (court of appeals has jurisdiction to review final decision of district court); 28 U.S.C. § 1292(a)(1) (court of appeals has jurisdiction to review interlocutory order refusing injunction); Transworld Airlines v. American Coupon Exchange, 913 F.2d 676, 680 (9th Cir.1990) (same). We affirm.
 
 
 3
 We review the denial of a preliminary injunction for an abuse of discretion. Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989). "A party seeking a preliminary injunction must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips in [her] favor." Id.
 
 
 4
 Here, in her section 1983 action against Children's Protective Services of San Diego County, social worker Annette Maggiora, and the Attorney General of the State of California, Porzio seeks the return of her son from state custody. Because federal courts generally decline to exercise jurisdiction in cases involving domestic relations, traditionally an area of state concern, Coats v. Woods, 819 F.2d 236, 236-37 (9th Cir.), cert. denied, 484 U.S. 802 (1987), the district court did not err by finding that Porzio did not show any probability of success on the merits of her civil rights claim. We therefore affirm the denial of Porzio's application for a preliminary injunction. See Hunt, 872 F.2d at 289.
 
 
 5
 Porzio's August 26, 1992 motion to add defendants is denied. Her second motion for reconsideration of this court's order of October 9, 1991, is also denied.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3