983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey L. BEAGLE, II, Plaintiff-Appellant,
v.
STATE of Washington, Department of Corrections; Western
State Hospital; Anne Morrow, Indeterm Sentence Board;
William Proctor, Psychologist, W.S.H.; Dept. of Social
Health Services of State of Washington; Mark Wesner,
Counselor; David Conrad, Parole Officer; Kenneth Von
Vleve, Psychologist; Maureen Saylor, Director, Sexual
Offender Unit; T.J. Porro, Parole Officer; King County,
Superior Court, Honorable Frank Roberts; IV thru XX
John/Jane Doe; Washington State, Defendants-Appellees.
 No. 92-35363.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harvey L. Beagle, II, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against King County, Superior Court and a Superior Court judge (collectively "King County") and its summary judgment in favor of various Washington state officials. Beagle, who is presently serving a prison term for incest, alleged that his parole officer, a child protective services worker, King County, and others conspired to violate his civil rights in connection with his state trial for incest, parole proceedings, and child custody proceedings. Beagle contends that the district court erred by: (1) dismissing King County on grounds of federal abstention from state domestic issues and judicial immunity; and (2) finding that his action against the various state officials was barred by the applicable statute of limitations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. Abstention
 
 3
 We review for abuse of discretion a district court's abstention decision. Coats v. Woods, 819 F.2d 236, 237 (9th Cir.), cert. denied, 484 U.S. 802 (1987). Although, the district court dismissed the action against King County on grounds of both abstention and judicial immunity, we may affirm on any ground fairly presented by the record. See New Kids v. News America Publishing, 971 F.2d 302, 305 (9th Cir.1992).
 
 
 4
 "[C]hild custody problems ... [are] generally considered a state law matter." Peterson v. Babbit, 708 F.2d 465, 466 (9th Cir.1983); accord Coats, 819 F.2d at 237. Accordingly, we have held that federal courts should not exercise jurisdiction in cases involving the custody of minors. Peterson, 708 F.2d at 466; see also Ankenbrandt v. Richards, 112 S.Ct. 2206, 2215 (1992) (same).
 
 
 5
 Here, Beagle filed a civil rights action in which he alleged that King County wrongfully deprived him of custody of his step-daughter. The district court declined to exercise jurisdiction over the case because it implicated state domestic issues.
 
 
 6
 In light of Coats and Peterson, we hold that the district court did not err by declining to review the state court's custody decision. See Coats, 819 F.2d at 237; Peterson, 708 F.2d at 466. Accordingly, the district court did not abuse its discretion by dismissing the action. See Peterson, 708 F.2d at 467.
 
 2. Statute of Limitations
 
 7
 We review de novo a district court's grant of summary judgment. Bianchi v. Bellingham Police Dept., 909 F.2d 1316, 1317 (9th Cir.1990). We review de novo a district court's dismissal on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991).
 
 
 8
 "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991), cert. denied, 112 S.Ct. 1161 (1992). Under the "last overt act" doctrine, a cause of action runs separately from each overt act that is alleged to have caused damage to the plaintiff. Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Each cause of action accrues when the plaintiff knows or has reason to know of the injury resulting from each act. Compton v. Ide, 732 F.2d 1429, 1432 (9th Cir.1984).
 
 
 9
 "42 U.S.C. § 1983 does not contain its own statute of limitations. Consequently, we apply the statute of limitations for an analogous cause of action under Washington state law. We have held that the appropriate statute of limitations in a § 1983 action is the three-year limitation of Wash.Rev.Code § 4.16.080(2)." Bagley, 923 F.2d at 760. Additionally, Washington has a tolling statute which suspends the running of the statute of limitations in favor of plaintiffs with certain disabilities, including imprisonment. Wash.Rev.Code § 4.16.190; see also Bianchi, 909 F.2d at 1318 (tolling statute applies to prisoners who have been continuously imprisoned during the time their causes of action would accrue). A plaintiff's disability of imprisonment ceases when he is released, see Bagley, 923 F.2d at 762, and is not reinstated by subsequent reincarceration, cf. Boag v. Chief of Police, City of Portland, 669 F.2d 587, 589 (9th Cir.) (construing similar Oregon statute), cert. denied, 459 U.S. 849 (1982).
 
 
 10
 Here, Beagle was paroled on February 10, 1987. The alleged injuries by various Washington state officials were completed by July 15, 1987, the date of the child custody hearing. As a result, the statute of limitations expired on July 15, 1990, even though Beagle was subsequently reincarcerated on June 9, 1989. Beagle filed his action on March 7, 1991.
 
 
 11
 Beagle appears to contend that his parole tolled the statute of limitations because his freedom was restricted. We have previously considered a similar argument and rejected it. See Bagley, 923 F.2d at 762; Bianchi, 909 F.2d at 1318; Boag, 669 F.2d at 589.
 
 
 12
 Accordingly, the district court did not err by finding that Beagle's section 1983 action was time barred. See Bagley, 923 F.2d at 762.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3