29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce Paul CATON, Plaintiff-Appellant,
v.
Leroy A. DAVIES, Keith C. Pepper and Robert W. Weir,
Superior Court Judge, Defendants-Appellees.
 No. 94-15240.
 United States Court of Appeals, Ninth Circuit.
 July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nebraska state prisoner Bruce Paul Caton appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Caton filed this action against Del Norte County Superior Court Judge Robert W. Weir and Deputy County Attorneys Leroy A. Davies and Keith C. Pepper alleging violations of his rights under the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Caton contends that the district court erred by dismissing his case as frivolous under section 1915(d) on the alternative grounds that (1) the court lacked jurisdiction to determine paternity actions, (2) the court had no jurisdiction to decide whether a prosecutor should file suit and what charges to file, and (3) the defendants were immune from suit. Caton's contention lacks merit.
 
 
 4
 We review for abuse of discretion a district court's dismissal under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied sum nom. Lummi Indian Tribe v. Washington, 113 S.Ct. 1945 (1993).
 
 
 5
 Under section 1915(d), a district court may dismiss sua sponte before service of process an in forma pauperis complaint if the court is satisfied that the action is frivolous. Denton, 112 S.Ct. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, where a litigant appears pro se, the court must construe the pleadings liberally and afford the litigant the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 6
 In his complaint, Caton alleged that the defendants violated his due process and equal protection rights by their actions in connection with a state-court proceeding brought by the County of Del Norte to establish that Caton is the father of two children and is liable for child support. In particular, Caton alleged that (1) attorneys Davies and Pepper failed to notify him of a motion to obtain blood tests, (2) Judge Weir wrongfully ordered the blood tests, and (3) neither Judge Weir, Davies, nor Pepper responded to his request for a stay of the order and for a motion to obtain legal materials. Caton sought damages and injunctive relief staying the state-court proceeding.
 
 
 7
 After reviewing Caton's complaint, we are unable to conclude that his action for damages has an arguable basis either in law or in fact. See Neitzke, 490 U.S. at 325. Caton did not allege nor can the facts be construed to allege that Judge Weir acted without jurisdiction or performed a non-judicial act. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (judicial immunity applies unless judge acts in absence of jurisdiction or performs an act that is not judicial in nature). Instead, Caton complains that Judge Weir wrongfully issued an order in the state-court proceeding. Moreover, Caton's allegations concerning Davies and Pepper involve actions they took in prosecuting Caton. He did not allege nor can the facts be construed to allege that either Davies or Pepper acted beyond his authority or in a capacity that was not quasi-judicial. See id. at 1076 (prosecutorial immunity "extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity"). Thus, Judge Weir and attorneys Davies and Pepper were entitled to immunity from civil damage liability. See id. at 1075-76.
 
 
 8
 Judicial immunity, however, does not bar claims for injunctive relief in actions brought under section 1983. See id. at 1075. Nevertheless, where the injunctive relief requested would require the federal court to supervise ongoing state-court proceedings, federal courts should refrain from issuing an injunction as a matter of comity and federalism. Pulliam v. Allen, 466 U.S. 522, 539 (1984). Moreover, under the doctrine of equitable abstention, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when constitutional claims are asserted. Coats v. Woods, 819 F.2d 236, 237 (9th Cir.), cert. denied, 484 U.S. 802 (1987).
 
 
 9
 Here, Caton requested injunctive relief restraining an ongoing state-court proceeding to determine paternity and child support. He has not alleged nor is there any indication that he was denied an opportunity to litigate his due process and equal protection claims as part of the ongoing proceeding. Thus, because the relief Caton sought would require the district court to supervise an ongoing state-court, domestic-relations proceeding in which the core issue involves the status of parent and child, the district court properly declined to consider Caton's request for injunctive relief. See id. at 237; Pulliam, 466 U.S. at 539.
 
 
 10
 Accordingly, the district court's judgment dismissing Caton's action is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3