37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David ROWLAND; Gertrude Rowland, Plaintiffs-Appellants,
v.
Renagene BRADY, Supervisor, Children's Welfare Services,
Washington State Department of Social and Health
Services, Defendant-Appellee.
 No. 93-35091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David and Gertrude Rowland appeal pro se the district court's dismissal of their 42 U.S.C. Sec. 1983 action for failure to state a claim and on immunity and abstention grounds. The Rowlands alleged that the defendant, social worker Renagene Brady, violated their constitutional rights by conspiring to deny them custody of their minor granddaughter. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 The Rowlands, residents of South Carolina, are the maternal grandparents of Beth Anne Swan, a minor. At the time the action was filed, Beth was in the custody of Washington state's Department of Social and Health Services (DSHS), following the criminal conviction of her natural parents for sexually abusing her. The Rowlands have adopted Beth's younger sister and, among other candidates, have sought to adopt Beth.
 
 
 5
 In their complaint, the Rowlands allege that before they filed a previous civil rights action, the DSHS had initiated a pre-adoption process by which candidates would be interviewed by a social worker from Washington state and a home study report would be prepared. The Rowlands claim that following supervisor Brady's instructions, the social worker "failed/refused to review/interview" the Rowlands in South Carolina as anticipated. The Rowlands also allege that new adoption guidelines, established after they filed their action, resulted in the DSHS not giving full faith and credit to a report prepared by a private licensed social worker in South Carolina, and submitted by the Rowlands on their behalf. The Rowlands sought damages and injunctive relief.
 
 
 6
 The case was assigned to a magistrate judge who recommended that the action be dismissed for failure to state a claim and on immunity and abstention grounds. The district court adopted the magistrate judge's report and dismissed the action. The Rowlands timely appeal.
 
 II
 Merits
 
 7
 Social workers are entitled to absolute immunity from section 1983 damages for their action involving the initiation, prosecution, and resolution of child dependency and custody proceedings. Babcock v. Tyler, 884 F.2d 497, 501-02 (9th Cir.1989), cert. denied, 493 U.S. 1072 (1990); Coverdell v. Department of Social & Health Servs., 834 F.2d 758, 764 (9th Cir.1987); Meyers v. Contra Costa County Dep't of Social Servs., 812 F.2d 1154, 1157 (9th Cir.), cert. denied, 484 U.S. 829 (1987).
 
 
 8
 Here, the district court properly found that Brady was entitled to immunity for her actions relating to the custody proceedings involving the Rowlands' granddaughter Beth and the Rowlands' attempt to adopt her. See Babcock, 884 F.2d at 501-03 (social worker entitled to immunity for actions "taken in connection with, and incident to" an ongoing judicial proceeding).
 
 
 9
 Immunity does not, however, bar claims for injunctive relief in section 1983 actions. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Nevertheless, if the injunctive relief requested would require the federal court to supervise ongoing state judicial proceedings, the federal court should refrain from issuing an injunction as a matter of comity. See Pulliam, 466 U.S. at 539; Younger v. Harris, 401 U.S. 37, 46 (1971).
 
 
 10
 Here, the Rowlands requested injunctive relief to protect their rights as they pertained to the adoption of Beth. The district court properly refused to grant this relief because it would require a federal court to intrude into a state domestic relations proceedings. See Pulliam, 466 U.S. at 539; Coats v. Woods, 819 F.2d 236, 237 (9th Cir.), cert. denied, 484 U.S. 802 (1987) (under the doctrine of equitable abstention, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involve the status of parent and child," even when constitutional issues are asserted); see also Ankenbrandt v. Richards, 112 S.Ct. 2206, 2214-15 (1992) (reaffirming the domestic relations exception to federal court jurisdiction and discussing abstention).
 
 
 11
 Finally, the Rowlands contend that the district court erred by not giving them notice of the deficiencies in their complaint and an opportunity to amend. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). We review a district court's denial of leave to amend for abuse of discretion. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).
 
 
 12
 Here, the deficiencies in the Rowlands' complaint could not be cured by amendment. Accordingly, the district court did not abuse its discretion by denying them leave to amend. See id.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also found that the Rowlands had failed to state a section 1983 claim. Because we find that the action was properly dismissed on abstention and immunity grounds, we need not address the district court's determination that the Rowlands failed to state a section 1983 claim