39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MJT, INC., a California corporation; Cyrus D. Fish,
individually; Michael T. Talia, individually;
Edward P. Kasper, individually;
Plaintiffs-Appellants,
v.
ADCOM EXPRESS, INC., a Minnesota corporation; Robert F.
Friedman, individually; Commissioner of
Corporation; and Does 1 through 25,
inclusive, Defendants-Appellees
 No. 93-15481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.[1]
Decided Nov. 4, 1994.
 
 1
 Before: CHOY and NOONAN, Circuit Judges, and MARQUEZ[2]
 
 
 2
 MEMORANDUM*
 
 
 3
 Plaintiffs MJT, Inc., Cyrus D. Fish, Michael T. Talia, and Edward P. Kasper (collectively "MJT"), appeal the United States District Court's Federal Rules of Civil Procedure 12(b)(6) dismissal of its action against defendants Adcom Express, Inc., a Minnesota corporation and Robert F. Friedman, the majority shareholder of Adcom (collectively "Adcom"). The District Court held that because a concurrent action involving the same parties and issues was pending in Minnesota State Court, the action should be dismissed. We affirm the district court.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 On June 8, 1992 MJT filed an action (the "California Action") in San Diego County Superior Court. Subsequently, the California Action was removed to the District Court for the Southern District of California and then transferred to the United States District Court for the Northern District of California on November 10, 1992. On the same day that the California Action was filed, Adcom filed an action in Minnesota State Court (the "Minnesota Action") against MJT.[3]
 
 
 5
 In the Minnesota State Court proceeding, on September 21, 1992, Judge Stanoch heard MJT's motion to dismiss the Minnesota Action, or in the alternative, to stay the action pending the resolution of the California Action. On November 6, 1992, the Court denied both motions reasoning that the Minnesota Action encompassed all of the issues in the California Action and included issues not present in the California Action. Citing judicial economy as the basis for its denial, the Court concluded that it was more economical for one court to hear all of the issues in one case, as opposed to splitting the issues into two separate cases.
 
 
 6
 In the California Action, on July 6, 1992, Adcom filed a Motion to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the basis of Judicial economy, since the Minnesota Action was pending involving the same parties and issues. On February 4, 1993, the United States District Court for the Northern District of California, granted Adcom's Motion to Dismiss. The District Court concluded that all the issues raised in the California Action could be fully litigated in the Minnesota State Court and that considerations of wise judicial administration and avoidance of duplicative litigation favored dismissal of the California Action in deference to the Minnesota Action.
 
 
 7
 This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. The district court's decision to abstain is reviewed for an abuse of discretion. Tucker v. First Maryland Sav. & Loan, Inc., 942 F.2d 1401, 1402 (citing McIntyre v. McIntyre, 771 F.2d 1316, 1319 (9th Cir.1985)). A determination as to whether the requirements to abstain have been met is reviewed de novo. Id.
 
 DISCUSSION
 
 8
 In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), the Supreme Court held that in exceptional circumstances where there are parallel actions in both federal and state court, the district court may abstain from entertaining a federal suit when considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" so dictate. Id. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).
 
 
 9
 The Court identified several factors that might suggest exceptional circumstances: (1) whether the state court had already assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) whether the suits will result in piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. Id. at 818-19. In Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983), the Supreme Court articulated two additional considerations: (1) whether state or federal law controls; and (2) whether the state proceeding is adequate to protect the parties' rights.
 
 
 10
 The Moses Court cautioned that the decision to abstain should not rest upon a "mechanical check list but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses, 460 U.S. at 16. Moreover, abstention does not require the existence of two identical actions. The Ninth Circuit has interpreted abstention to be appropriate in proceedings where the claims and issues are substantially similar. See Nakash v. Marciano, 882 F.2d 1411 (9th Cir.1989).
 
 
 11
 The first Colorado factor is not dispositive. There is no property or res at issue in the instant case. The second factor of convenience weighs in favor of dismissal. Although some of the parties are located in California, it is clear that the parties, witnesses, and evidence involved in both actions are situated in several different states and thus, MJT must necessarily suffer some inconvenience.
 
 
 12
 The third factor of avoiding piecemeal litigation weighs strongly in favor of dismissal. The Minnesota Action involves the same parties, with the exception of the California Commissioner of Corporation. Moreover, the Minnesota Action involves additional parties to those parties involved in the California Action. Furthermore, it is apparent that the California Action and the Minnesota Action involve similar claims. The issues raised in both actions focus on the same series of franchise agreements and the rights and duties of the parties with regard to their respective franchise agreements. "The fact that another action, involving substantially the same issue, is pending in a state or federal court is a potent factor in discretionary refusal to assume jurisdiction." Fireman's Fund Ins. Co. v. Ignacio, 860 F.2d 353, 354 (9th Cir.1988) (citations omitted). That the Minnesota Action involves additional issues not present in the California Action further favors dismissal in order to avoid splitting the issues into two separate cases.
 
 
 13
 The fourth factor is not dispositive since the two actions were filed on the same day. However, the Court notes, that although both actions were initiated almost simultaneously, the Minnesota Action is at a more advanced stage of litigation. Discovery is proceeding in the Minnesota Action, in contrast to the California Action where no discovery has commenced.
 
 
 14
 The final two factors also favor dismissal. Both actions involve interpreting California and Minnesota law. MJT's fears that it will face an unfair disadvantage in Minnesota court is unwarranted. The Minnesota court is fully competent to resolve all the outstanding issues and afford the parties adequate relief.
 
 CONCLUSION
 
 15
 MJT is adequately and effectively represented in the proceeding before the Minnesota State Court. All issues raised in the instant suit may be fully litigated in Minnesota State Court. Moreover, considerations of wise judicial administration and avoidance of duplicative litigation favor dismissal of this action in deference to the Minnesota Action. The district court did not abuse its discretion when it granted Adcom's Motion to Dismiss.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 [2]
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 [3]
 In addition to defendants MJT, Priority Parcel and EPK Inc., are also named as defendants in the Minnesota Action