65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Taiya Lee Jones NELSON, By and Through her Father, Paul A.L.
Nelson; and Paul A.L. Nelson, Plaintiffs-Appellants,
v.
Walter J. CARPENETI, Rodger Pegues; Allen T. Compton;
Daniel A. Moore; Mark Rausch; et al.,
Defendants-Appellees.
 No. 94-35652.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1995.*
Decided Aug. 23, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We review the district court's grant of summary judgment de novo, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and affirm.
 
 
 3
 The claims for damages were based on conduct which took place prior to the two year period preceding the filing of the complaint, so they are barred. Jenkins v. Daniels, 751 P.2d 19, 24 (Alaska 1988). Although Nelson claims that a conspiracy among the defendants lasted into the two years preceding the filing of his complaint, he offers no evidence for that proposition. His citation of Oaksmith v. Brusich, 774 P.2d 191, 199-200 (Alaska 1989), does not support his position. In that case, the court said that "the most outrageous of [defendant's] acts ... did occur within the limitations period." Id. at 200.
 
 
 4
 The basis for Nelson's claim of a right to enjoin the defendants from interfering with visitation with his daughter is his constitutional right, under Santosky v. Kramer, 455 U.S. 745 (1982), to "clear and convincing evidence" for termination of parental rights. The state court found that there was clear and convincing evidence, based on the trial judge's evaluation of the evidence before him, including Nelson's stipulation. The sufficiency of the evidence under this standard was litigated to a conclusion in the state courts. Nelson v. Jones, 787 P.2d 1031, 1035-36 (Alaska 1990); Nelson v. Jones, 781 P.2d 964 (Alaska 1989).
 
 
 5
 In substance, Nelson would have the federal district court revisit the state court determination in his divorce and custody dispute. He is collaterally estopped under state law from relitigating the question whether there was in fact clear and convincing evidence of his conduct. Nelson v. Jones, 787 P.2d 1031, 1035-36 (Alaska 1990). We "are barred by the Eleventh Amendment from deciding claims against state officials based solely on state law." Han v. United States Dept. of Justice, 45 F.3d 333, 339 (9th Cir.1995). Even if constitutional claims are made, the district courts properly may rely on "the abstention doctrine under which federal courts traditionally decline to exercise jurisdiction in domestic relations cases where the core issue involves the status of parent and child or husband and wife." Coats v. Woods, 819 F.2d 236, 237 (9th Cir.1987). The district court properly refused to entertain an action which would amount to substituting the federal district judge for the state superior court judge as the arbiter of Nelson's custody and visitation rights.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3