76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Steven John DUELL, Debtor.
Steven John DUELL, Appellant,
v.
STATE OF UTAH; Sylvia M. Atencio, Appellees.
 No. 95-16672.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Steven John Duell appeals the Bankruptcy Appellate Panel's (BAP) decision affirming the bankruptcy court's dismissal of Duell's adversary proceeding to determine the dischargeability of a Utah state court child support judgment under 11 U.S.C. § 523(a)(5). Duell contends that the bankruptcy court erred by (1) abstaining from determining the issue of paternity and staying the adversary proceeding until after Duell obtained a paternity determination from the state court, and (2) dismissing the proceeding for failure to prosecute after Duell refused to litigate the paternity issue in state court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Abstention
 
 3
 We review for abuse of discretion the bankruptcy court's decision regarding abstention under 28 U.S.C. § 1334(c)(1). In re Siragusa, 27 F.3d 406, 407-08 (9th Cir.1994). Abstention is appropriate when "the status of [a] domestic relationship" is at issue. Ankenbrandt v. Richards, 504 U.S. 689, 706 (1992); accord McIntyre v. McIntyre, 771 F.2d 1316, 1317 (9th Cir.1985).
 
 
 4
 Here, in 1980 the Utah state court entered a default judgment against Duell, determining that he was the father of Jared Atencio and ordering him to pay child support. In 1985, pursuant to Duell's stipulation with the State of Utah, the state court entered a modified judgment lowering Duell's monthly child support obligation. In February 1994 Duell filed the adversary action in bankruptcy court, claiming that Atencio was not a "child of the debtor" under 11 U.S.C. § 523(a)(5), and therefore Duell's child support obligation was dischargeable.
 
 
 5
 Duell contends that abstention was improper because he is unable to obtain a paternity determination in Utah state court due to the res judicata effect of the 1980 default judgment. We affirm the BAP's finding that the state court is an open forum for Duell because he can file a motion to set aside the default judgment under Utah R.Civ.P. 60(b).
 
 
 6
 Duell also contends that the bankruptcy court could have determined whether his child support was dischargeable without making a paternity finding because the State of Utah as creditor had the burden of proving non-dischargeability. This contention lacks merit; a finding that the State did not meet its burden of proving Duell's paternity would require the bankruptcy court to address the issue of paternity. See Ankenbrandt, 504 U.S. at 706; McIntyre, 771 F.2d at 1317.
 
 Lack of Prosecution
 
 7
 Duell contends that the bankruptcy court abused its discretion by dismissing the adversary action for lack of prosecution after he filed a declaration that he was unwilling to litigate the paternity issue in state court. He contends his delay of the adversary action was reasonable because the abstention order was erroneous. As discussed above, this contention lacks merit. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir.1994) (standard for dismissal for lack of prosecution).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3