**Douglas STRONG, Plaintiff—Appellant,**

v.

**Amber Allegra STRONG, aka Amber Conradson; et al., Defendants—Appellees.**

No. 02–56238.

D.C. No. CV–02–00245–TJW.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument, and accordingly denies Strong's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Douglas Strong, a California state prisoner, appeals pro se the district court's judgment dismissing without prejudice his action alleging that his estranged wife Amber Allegra Strong conspired with her relatives to kidnap their son and take him to Canada in violation of 42 U.S.C. §§ 1985 and 1986, the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601–11610 ("ICARA"), and California law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.

The district court properly dismissed Strong's section 1985 claims because he did not allege that the defendants conspired against him based upon race or a "class-based animus." *See Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir.1993) (section 1985(2)); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536–38 (9th Cir.1992) (section 1985(3)); *see also Bonner v. Lewis*, 857 F.2d 559, 565 (9th Cir.1988) ("Handicapped individuals are not a suspect class.").

The district court also properly dismissed Strong's ICARA claim because it is duplicative of his previous action, *Strong v. Strong*, No. 01–CV–2077 (S.D.Cal. Nov. 21, 2001), which was dismissed for lack of subject matter jurisdiction. *See Cato v.*

*United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995).

Contrary to Strong's contention, the district court did not err in declining to consider his remaining claims. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (per curiam) ("The federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors ...'" (citation omitted)).

We decline to consider the district court's dismissal of Strong's section 1986 claim because he does not challenge that ruling on appeal. *See Miller v. Fairchild Indus. Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). We also decline to consider Strong's contentions regarding the Hague Convention because he raised them for the first time on appeal. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir.1996). We decline to consider Strong's purported section 1983 claim because he disavows on appeal that he ever brought such a claim.

Strong's remaining contentions lack merit.

We deny as moot Strong's "Unopposed Motion for Leave to Withdraw Opening Brief and Extension of Time to File New Opening Brief."

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.