James W. PALMER; Susan D. Palmer, Plaintiffs—Appellants,

v.

RIVERSIDE COUNTY; et al., Defendants—Appellees,

No. 03–56466.

D.C. No. CV–03–00409–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2005.[*]

Decided Sept. 19, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James W. Palmer, Beaumont, CA, pro se.

Susan D. Palmer, Beaumont, CA, pro se.

Arthur K. Cunningham, Lewis, D'Amato, Brisbois & Bisgaard LLP, San Bernardino, CA, Marc Victor Allaria, Timothy J. Harris, Charlston, Revich and Chamberlin, LLP, Los Angeles, CA, for Defendants–Appellees.

Before WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

James and Susan Palmer, husband and wife, appeal pro se from the district court's judgment of dismissal based on *Rooker–Feldman* and the domestic relations exception of their 42 U.S.C. § 1983 action alleging defendants violated their constitutional rights during dependency proceedings involving the Palmers' minor children. We review de novo dismissals for lack of subject matter jurisdiction. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (*Rooker–Feldman*); *McIntyre v. McIntyre*, 771 F.2d 1316, 1317 (9th Cir. 1985) (domestic relations exception). We reverse and remand.

■ The district court incorrectly concluded that it lacked jurisdiction under *Rooker–Feldman,* because the Palmers' complaint "asserts as a legal wrong ... allegedly illegal act[s] [and] omission[s] by [defendants]." *See Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir.2003); *see also Kougasian,* 359 F.3d at 1140 (*"Rooker–Feldman* ... applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment."). However, to the extent that the Palmers were attempting to raise an as-applied challenge to the procedures employed by the state court, *Rooker–Feldman* would bar their claim. *See Allah v. Superior Court,* 871 F.2d 887, 891 ("To the extent that [plaintiff] requested the district court to conduct a direct review of ... the state court's application of various rules and procedures pertaining to his case, the district court lacked subject matter jurisdiction over his complaint")

■ The district court also incorrectly concluded that it lacked subject matter jurisdiction under the domestic relations exception, because the "validity or scope of the state court's domestic relations judgment is not here in question." *McIntyre,* 771 F.2d at 1318; *see also Ankenbrandt v. Richards,* 504 U.S. 689, 704, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (holding "the

domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree").

We reverse and remand without precluding consideration of other possible grounds for dismissal. We only hold that dismissal for lack of subject matter jurisdiction was in error.

**REVERSED and REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts